No. 3344.

(Court of Appeal, Parish of Orleans)

SIDNEY CONN vs. MRS. MARTILE J. BAKER.

The seizure of a judgment purporting to have been transferred for a valuable consideration, but claimed by the seizing creditor to have been given in pledge of and to secure a pre-existing debt which the evidence adduced at the trial shows such to have been the fact, will necessitate a remanding of the case to ascertain the correct amount of the debt thus secured; but priming to that extent the claim of the seizing creditor. 34 A, 389, R. C. C. 3157 and 3158.

Appeal from Civil District Court, Division "E."

J. Zach. Spearing, for plaintiff and Appellant.

F. Rivers Richardson, for appellee.

BEAUREGARD, J. By writ of fifa issued on December 4, 1901, under the judgment in his favor of March 18, 1901, against Mrs. Baker for $500 with interest and costs, Sidney Conn seized all the rights, title and interest of the said Mrs. Baker in a judgment rendered in her favor (and confirmed on appeal to the Supreme Court) on the          day of          for $1000 damages against the City of New Orleans et al.

Pending the appeal in the Supreme Court all her rights, title and interest in her claim were transferred by Mrs. Baker (the plaintiff) to a Mrs. P. Williams on December 21, 1900. And on about the same day, notice of this transfer was given to the City of New Orleans. Subsequently, on October 10, 1901, and after the claim sued on had ripened into a judgment, Mrs Williams being a participant, all of the rights, title and interest of Mrs. Baker in the judgment resulting in her favor and predicated on her claim, were by her transferred, it is alleged, for a valuable consideration to Mrs. Lena Combel duly assisted by her husband.

Notice of the second transfer of this judgment (in which as stated above Mrs. Williams participated) was, it is alleged, duly given to the judgment debtor, the City of New Orleans on October 17, 1901.

So, when Sidney Conn's seizure was effected on the 4th day of December, 1901, Mrs. Lena Combel, duly authorized, by third oppo-

190

sition intervened on the 24th day of February, 1902, claiming the full ownership of the judgment under seizure.

The seizing creditor, on April 21, 1902, simply denied third opponent's ownership (reserving the benefit of an exception of no cause of action thereto urged, but which was properly overruled.) And subsequently, on January 5, 1903, filed a supplemental answer chargingthe alleged transfer of said judgment to Mrs. Combel as being fraudulent, collusive and simulated, and thereby a giving (if any indebtedness existed between the transferrer and the transferee) a fraudulent preference to one creditor over the other, which transfer should be annulled and set aside, and said judgment held liable to the seizure made.

To the above, several grounds of exception were filed by the third opponent in this that the supplemental answer changed the substance of the issue and came too late after issue joined and the case partly tried, that it disclosed (with its reconventional demand), no cause of action and that plaintiff's rights, if any he had, are prescribed by one year. These grounds on examination of the record were sufficient to exclude the filing of the supplemental answers.

It came after issue joined; changed the issue in characterizing the nature of third opponent's ownership of the judgment in question; was in the nature of a revocatory action and lacked the required enumerated elements for its maintenance, to wit: that the transferrer was insolvent or had no other property within reach of the creditors; that her insolvency was known to the transferee; that the intervention and effect of the transfer, as fraudulent, were to injure plaintiff in preventing the recovery of his just claim. 34 A. 325 Hart & Co. vs. Bowie.

Furthermore, Mrs. Baker was not a party and she was a necessary one. 31 A. 262.

It is therefore considered that the supplemental petition should have been excluded as well as all issues of facts to support it.

The question left for consideration is the validity of the transfer of Mrs. Baker's judgment to the third opponent and the latter's ownership of it.

As shown by the evidence it was at one time transferred to a Mrs. Williams for a debt (necessary supplies) due to her by Mrs. Baker. That Mrs. Baker reacquired the ownership of it cannot be doubted since Mrs. Williams herself consented to its transfer to the third opponent. That notice of this assignment was given to the judgment debtor the city of New Orleans can hardly be questioned; because although there does exist some hiatus in the evidence showing that the Mayor and the City Attorney had been directly informed of this assignment, yet the Mayor, as a witness, testified that he remember's when third opponent's husband (as her agent)

191

called to see him on some purpose with another witness.

This agent was then on his mission to notify the Mayor of such an assignment to his wife.

Later on under an ordinance of the Council authorizing compromises with creditors of the city, a special letter was to that effect addressed by the Comptroller to the third opponent.

The city authorities were therefore without doubt in full possession of the information of Mrs Baker's assignment of her judgment to Mrs. Combel.

The seizing creditor, however, urges that the judgment thus assigned was but a pledge or security for a debt due by Mrs. Baker to her assignee, and consequently liable to seizure up to the amount of Mrs. Combel's claim, whatever it is.

Now, the act of transfer, under private signature between Mrs. Baker and Mrs. Combel purports on its face to be a sale for a valuable consideration. In the latter's affidavit before a Notary claiming the ownership of said judgment, and opposed to the Sheriff's seizure for a bond of indemnity, she swears that she acquired said judgment on giving therefor a consideration of something over $300.

The testimony of Mr. Combel, the husband and agent of his wife shows that her acquisition of said judgment was as is contended for by appellant to secure a debt varying from $400 to $500. This is confirmed by the wife who had at various times been advancing money to or paying bills for Mrs. Baker. In fact these payments and advances of funds caused her to say to her agent that (making these payments and advances) he was doing business in a loose manner; and to direct him to go down and see her lawyer "to secure himself," following which instructions the transfer of the judgment in question followed. It is true that third opponent objected to that part of the testimony inquiring of the wife's agent the value of the consideration given for said judgment. But, under the general issue which allowed proof of any facts and circumstances tending to show the non existence or falsity of the facts alleged: 31 A. 81, the ruling of the Court a qua permitting this evidence to be heard and the transactions between the assignor and assignee to be inquired into, is sustained.

It is no longer debateable matter that the property of any nature held in pledge by a creditor, may be seized (in) from his possession by another creditor of the common debtor and sold subject to the pledgee's claim. 34 A. 389, Harner vs. Dennis et al, R. C. C. 3157 3158.

Although the amount of the debt, to secure which the pledge was given, is vaguely stated and should be definitely fixed, it is re

192

quired that, for this purpose, this case should be remanded to the Court a qua.

It is therefore ordered and decreed that the judgment appealed from be and it is avoided and reversed. And it is now ordered that this case be remanded to the Court a qua to ascertain, under proper and admissible evidence within its discretion, the exact amount of the debt for which the judgment seized was given in pledge; and to thereupon render such judgment as will maintain appellant's seizure subject to whatever rights as pledgee Mrs. Combel may have. Costs of appeal to be paid by appellee.

Judgment appealed from reversed and case remanded.

May 2, 1904.

Rehearing refused June 23, 1904.

Writ of review refused by Supreme Court July 18, 1904.